**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THEODOROS ZIRINIS,

       Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

       Defendants.

Case No. 1:25-cv-13922

Judge Robert W. Gettleman

Magistrate Judge Albert Berry, III

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN RESPONSE
TO MINUTE ENTRY ORDER [30]**

## I. INTRODUCTION

The Court's Order [30] directs Plaintiff to address two questions: (1) whether the addresses of the defendants are known; and (2) for those whose addresses are not known, the efforts Plaintiff undertook to discover them.

This memorandum addresses the remaining Defendants. Defendant Nos. 10, 13, 14, and 15 have been dismissed. For Defendant Nos. 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 16, and 19, Plaintiff's diligence shows that their addresses are not known, so the Hague Convention is inapplicable under Article 1 and service by email under Rule 4(f)(3) is appropriate. For Defendant No. 3, the address is known, the Convention applies, and Plaintiff will serve the Defendant through the PRC Central Authority. For Defendant Nos. 17 and 18, who have Vietnam addresses, *Kangol*'s China-specific bar does not control; Plaintiff requests that the Court find Plaintiff's prior email service proper under Rule 4(f)(3), or alternatively authorize service by registered mail.

## II. LEGAL STANDARD

1

The Seventh Circuit recently confirmed that the Hague Convention prohibits email service in China where the Convention applies, but that a district court must first determine whether the Convention applies at all. *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, 177 F.4th 793, 795-96 (7th Cir. 2026). The Convention does not apply "where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. The standard this district applies requires "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address," and is conjunctive: a plaintiff must not only ascertain a listed address but verify it, for "[b]are assertions regarding the reliability of [a] [d]efendant's publicly available address are not a substitute for actual diligence." *NBA Props., Inc. v. P'hips & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021). Where a plaintiff investigates the platform-disclosed address and cannot confirm it as a real, usable location connected to the defendant, the address is "not known" within Article 1. For Vietnam-resident defendants, the analysis turns on Vietnam's own Hague declaration, not China's objection. Vietnam specifically permits Article 10(a) service. *See* Hague Conf. on Priv. Int'l L., *Declaration/Reservation/Notification:* *Viet* *Nam*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn (last visited July 13, 2026).[1]

Article 1 also turns on the identity of the party to be served. Under PRC law, only a defendant's registered Chinese-character legal name, or the registered Chinese-character name of the natural person to be served, has legal status for a Central Authority request; a Romanized or English-translated platform trade name is not the defendant's legal identity, and a Request naming a defendant only in that form is, as Aaron Lukken explains, "assured to fail" because the executing

---

[1] https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn (last visited July 13, 2026).

local intermediate people's court cannot reconcile a Romanized identifier to a registered entity in the SAMR registry. Aaron Lukken, *Chinese company names, flawed addresses, and the high likelihood of Hague Service failure*, Hague Law Blog (Mar. 2024)[2]; *see* Aaron Lukken, *A Hague-compliant roadmap for service on "Schedule A" defendants*, Hague Law Blog (July 2024)[3] (prescribing identification of the registered Chinese-character name and registered address before invoking the Convention).

### III. PLAINTIFF'S PER-DEFENDANT DILIGENCE

For every active PRC defendant, Plaintiff's investigation comprised: (a) cataloging the platform-disclosed address on Schedule A; (b) Chinese-language searches of the Tianyancha (天眼查) and Qichacha (企查查) registry portals, by reconstructed Chinese-character name and by address; (c) Chinese-language map verification of each address; and (d) decomposition of each platform identifier against the four required SAMR name elements (行政区划, 字号, 行业表述, 组织形式). Jiang Decl. ¶¶ 4–9; Ex. A (full per-defendant record), Ex. B (registry detail), and Ex. C (map-verification detail). The map verification rests on Baidu Maps (百度地图), China's dominant mapping platform, with the Amap (高德地图) and Didi (滴滴, a ride-sharing and ride-hailing company) disclosure noted in the Jiang Declaration. Jiang Decl. ¶ 8.

### A. The Addresses of Twelve Active PRC Defendants Are not Known and The Hague Convention Does Not Apply

For Defendants 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 16, and 19, the diligence answers the Court's first question in the negative on two independent grounds. First, none of these platform identifiers supplies a registered Chinese-character legal name in the four-element SAMR structure. Each is a

---

[2] https://www.haguelawblog.com/2024/03/chinese-company-names-flawed-addresses-and-the-high-likelihood-of-hague-service-failure/ (last visited July 13, 2026).

[3] https://www.haguelawblog.com/2024/07/a-hague-compliant-roadmap-for-service-on-schedule-a-defendants/ (last visited July 13, 2026).

Romanized pinyin string, an arbitrary or English-fabricated storefront alias, or a partial trade-name lacking the required components, and so a Central Authority request naming any of them in its platform form is the pattern practitioner authority identifies as "assured to fail." Jiang Decl. ¶¶ 6, 11; Ex. A; Lukken, *Chinese company names*, *supra*. Second, and independently, each platform-disclosed address failed verification after reasonably diligent effort, in recurring patterns documented in the exhibits: addresses resolving no lower than a street, village, or residential community; a specific house, unit, workstation, or stall that map data confirms does not exist; a landmark-relative reference whose anchor does not exist or resolves to a different registered occupant; and virtual cluster-registration cells or letterbox subdivisions, several tied to cancelled or judgment-debtor shells, that do not identify the defendant's place of business. Several accounts also carry conflicting addresses across two or three provinces. Jiang Decl. ¶¶ 7, 9; Exs. A, B, C. Each address was thus ascertained but could not be verified to a serviceable, defendant-connected location, so it is "not known" within Article 1. *NBA Props.*, 549 F. Supp. 3d at 796. Either ground independently supports email service under Rule 4(f)(3). Because the Convention does not apply to these defendants, Article 15 poses no barrier to a later default judgment founded on email service. *Bestway Inflatables & Material Corp. v. Individuals*, No. 24 C 11696, 2025 WL 1696438, at *3 & n.2 (N.D. Ill. June 17, 2025) (Gettleman, J.).

## B. The Address of Defendant No. 3 Is Known and Plaintiff Will Serve Through PRC Central Authority

Defendant 3 stands apart. The registry search returned a single active entity, 太原富达科贸有限公司 (Taiyuan Fuda Science & Trade Co., Ltd.), Unified Social Credit Code 91140105MA0M21G029, legal representative 王虎, whose registered seat matches the platform-disclosed address exactly and whose legal representative's pinyin ("WangHu") corresponds to the storefront alias "WangHu2025," and the address resolves cleanly on map verification. Jiang Decl.

4

¶¶ 7(a), 9, 10; Exs. A, B. For this Defendant, the Convention applies, and Plaintiff will serve through the PRC Central Authority (the Ministry of Justice International Legal Cooperation Center), directed to the registered entity and its legal representative 王虎 at the registered address.

Plaintiff discloses, however, an identifiable risk of non-execution: the only identity link between the platform record and the registry is the Romanized handle "WangHu2025," not the registered 字号 ("富达") the executing court will expect to reconcile; service turns on locating the natural person 王虎; and the registered unit is a single ground-floor shop in a large residential-commercial development, a setting in which personal service by the executing court frequently draws a non-service return. On that basis counsel predicts a substantial likelihood of non-execution notwithstanding the verified address. Jiang Decl. ¶ 10. Plaintiff therefore requests, as a backup, leave to serve Defendant 3 by email under Rule 4(f)(3) should the Central Authority request fail to produce executed service within a reasonable time the Court sets, a sequence that honors *Kangol* by applying the Convention where it applies and reserving email service as a fallback. *Kangol*, 177 F.4th at 795-96. Consistent with *Bestway*, Plaintiff does not treat email as an end-run around the Convention for this known-address defendant: because the Convention applies, any default judgment against Defendant 3 will rest on Article 15 — transmission through the Central Authority followed by the six-month period without a certificate despite reasonable efforts — and the requested email leave completes notice rather than displacing that requirement. *Bestway*, 2025 WL 1696438, at *2-*3.

## C. Defendant Nos. 17 and 18 Possess Vietnam Addresses, and Vietnam Does Not Bar Email Service

Defendant Nos. 17 (Daboce) and 18 (HAMINHTHUAN) reside in Vietnam. Jiang Decl. Ex. A. *Kangol* does not bar email service on them, for two independent reasons.

First, Vietnam, unlike China, has not objected to Article 10(a). *Kangol* prohibited email service in China for a single reason: the court declined to decide whether email is a "postal channel" and rested entirely on the undisputed fact that "China has objected to service under Article 10(a)," so that even if Article 10(a) "otherwise permits service by email as a type of postal channel," that channel was closed. *Kangol*, 177 F.4th at 801. Vietnam specifically provides in its declaration that "[t]he Socialist Republic of Viet Nam *does not oppose* to the service of documents through postal channels mentioned in paragraph a of Article 10 of the Convention if the documents forwarded via postal channels are sent via registered mail with acknowledgement of receipt." *Vietnam Declaration*, supra (emphasis added); *see also Kev & Cooper Ltd. Liab. Co. v. Sen*, No. 23 C 1316, 2023 WL 12219342, at *3 (N.D. Ill. Nov. 3, 2023) (finding "service by email to an individual in Vietnam does not violate an international agreement"). Because Vietnam leaves Article 10(a) open, the fact that drove *Kangol* is absent, and the Convention does not prohibit postal-channel service into Vietnam.

Second, and independently, the Convention does not apply at all where a defendant's address is not known, and Rule 4(f)(3) email is then available in the Court's discretion. Defendant 18's only pleaded United States address, in Walnut Grove, Mississippi, is confirmed undeliverable by the Postal Service. Jiang Decl. Ex. A. To the extent a Vietnam defendant's address is not known after the diligence described above, the analysis is identical to the twelve PRC defendants discussed above: the Convention is inapplicable under Article 1, and email is authorized under Rule 4(f)(3). *Bestway*'s Article 15 concern does not alter the result: where a Vietnam defendant's address is not known the Convention does not apply, and where it does apply Vietnam's acceptance of Article 10(a) registered-mail service supplies a Convention method through which Article 15 can be satisfied. *Bestway*, 2025 WL 1696438, at *2-*3.

6

Either way, email satisfies due process. The method must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Kev & Cooper*, 2023 WL 12219342, at *3 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Each Vietnamese defendant operates an Amazon storefront and maintains a platform-verified email address, the feature that made email "a more reliable method of service" than an unverified physical address in *NBA Props.*, 549 F. Supp. 3d at 797. For Defendant 18, whose only United States address is undeliverable, email is the surest route to actual notice. The Court should find Plaintiff's prior email service on Defendants 17 and 18 proper under Rule 4(f)(3), or alternatively authorize service by registered mail with acknowledgement of receipt.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.　　　As to Defendants 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 16, and 19, find the Hague Convention inapplicable under Article 1 — on the independent grounds that the platform record supplies no registered Chinese-character legal name capable of supporting a Central Authority request, and that each platform-disclosed address cannot be verified to a serviceable, defendant-connected location after reasonably diligent effort — and authorize service by email under Federal Rule of Civil Procedure 4(f)(3); and

2.　　　As to Defendant 3 (WangHu2025), recognize that the Convention applies and that Plaintiff will serve through the PRC Central Authority, and authorize email service under Rule 4(f)(3) as a backup in the event the Central Authority request does not produce executed service within a reasonable time set by the Court; and

7

3.      As to Defendants Nos. 17 and 18 (the Vietnam-resident defendants), find Plaintiff's prior email service proper under Rule 4(f)(3), or alternatively authorize service by registered mail with acknowledgement of receipt under Vietnam's Hague declaration.

DATED:  July 13, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***