**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THEODOROS ZIRINIS,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.

Case No. 1:25-cv-13922

Judge Robert W. Gettleman

Magistrate Judge Albert Berry, III

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am Yanling Jiang. I am an attorney at JiangIP LLC, one of counsel for Plaintiff Theodoros Zirinis in this action. I am admitted to practice law in the States of Illinois and California, and before this Court. I make this Declaration in support of Plaintiff's Supplemental Memorandum on Address Diligence, filed in response to the Court's Order (ECF No. 30). I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called to testify could and would do so competently. The matters stated below regarding (a) the structure of registered company names under the law of the People's Republic of China ("PRC"), (b) the operation of the PRC State Administration for Market Regulation's entity registry, (c) the Chinese-language platform records of the defendants identified on Schedule A, and (d) the practical operation of Hague Service Convention execution by the local intermediate people's courts in the PRC, rest on the following bases: I was born and raised in the People's Republic of China, where I resided for approximately twenty years before relocating to the United States; I am a native speaker of Mandarin Chinese with full reading and writing

1

proficiency in simplified Chinese characters; I have personally reviewed each of the platform-disclosed records and Chinese-language registry records described in this Declaration; and I have direct professional familiarity with the registration conventions of the PRC entity-registration system and the civil-procedure practices of the local intermediate people's courts described herein.

2. I submit this Declaration to address the two questions posed by the Court's Order (ECF No. 30): for each defendant, (1) whether that defendant's address is known; and (2) for those whose addresses are not known, the efforts Plaintiff undertook to discover them. This Declaration addresses the thirteen active PRC defendants on the operative Schedule A. Four defendants (Nos. 10, 13, 14, and 15) have been dismissed and are not addressed. Two defendants (Nos. 17 and 18) are resident in Vietnam and are not addressed in this Declaration. A true and correct summary of the per-defendant investigation results, including, for each defendant, the platform identifier, the platform-disclosed address, the registry-search result, the map-verification result, the naming pathology, and the proposed service tier, is attached as Exhibit A.

3. At my direction, Plaintiff's counsel and a China-based legal research associate conducted a defendant-specific investigation of each active PRC defendant to determine, for each, whether the platform-disclosed seller identifier and address are sufficient to support service through the Hague Convention's central-authority mechanism, and whether the platform-disclosed address can be verified to a serviceable, defendant-connected location.

4. The per-defendant findings set out below are based on my personal review of (a) each defendant's platform-disclosed record as it appears in Plaintiff's filings, including Schedule A; (b) Chinese-language searches of the Tianyancha (天眼查) and Qichacha (企查查) PRC business-registry portals against each defendant, by reconstructed Chinese-character name and

by the platform-disclosed address; (c) Baidu Maps (百度地图), Amap (高德地图), and Didi (滴滴) verifications conducted in simplified Chinese against each platform-disclosed address; and (d) the per-defendant decomposition of each platform identifier against the four required structural elements of a PRC registered entity name. Where my findings rest on PRC registry conventions or local-court execution practice, the basis is my personal knowledge described in paragraph 1 above.

5. Under the regulations of the PRC State Administration for Market Regulation (国家市场监督管理总局, "SAMR"), a registered entity name comprises four components: an administrative-region prefix (行政区划), a distinctive trade-name component (字号), an industry descriptor (行业表述), and an organizational-form suffix (组织形式). A request to the PRC Central Authority must identify the defendant by its registered Chinese-character legal name, in this four-element structure, or by the registered Chinese-character name of the natural person to be served.

6. None of the thirteen active PRC defendants is identified on the platform record by a complete Chinese-character legal name in the four-element SAMR structure; each is listed only by a Romanized pinyin identifier, an English-fabricated or arbitrary storefront alias, a partial Chinese trade-name lacking the required SAMR components, or, in the case of Defendant 3, a Romanized storefront alias that corresponds to the pinyin of a registered entity's natural-person legal representative. The naming pathology for each defendant is set out in Exhibit A and, for the four registry-priority defendants (Nos. 3, 7, 9, and 12), in the China-associate diligence report dated June 23, 2026, attached as Exhibit B.

7. For four registry-priority defendants (Nos. 3, 7, 9, and 12), the investigation included Chinese-language searches of the Tianyancha and Qichacha PRC business-registry portals, by

3

reconstructed name and by the platform-disclosed address. The full search trace for these four defendants is set out in Exhibit B. The results were as follows:

    a. **Defendant 3 (WangHu2025).** The address-based and name-based searches returned a single active registered entity, 太原富达科贸有限公司 (Taiyuan Fuda Science & Trade Co., Ltd.), Unified Social Credit Code 91140105MA0M21G029, legal representative 王虎, status 存续 (active), whose registered seat (山西省太原市小店区龙堡街富力金禧城 A3 栋商铺 201) matches the platform-disclosed address exactly. The storefront alias "WangHu2025" corresponds, by pinyin, to the registered entity's natural-person legal representative, 王虎 ("WangHu"). Defendant 3 is therefore the one defendant in this case for whom a registered entity, an identifiable natural-person legal representative, and a verified registered address all correspond to the platform identifier.

    b. **Defendant 7 (heyuanzhangmaifuzhuang).** Searches by the storefront alias, by the Sheet 2 registered-merchant name "广州福迈商贸有限公司," and by both platform-disclosed addresses returned no matching registered entity. Several unrelated "广州福迈" entities exist in different industry and organizational forms, but none matches the storefront's name in the four-element SAMR structure. The same Amazon seller_id is associated across the records with three provinces (a Guangdong-prefixed registered name, a Fujian storefront address, and a Hubei alternate address).

    c. **Defendant 9 (室厨垫品).** Searches returned no exact-match registered entity in the corporate "有限公司" form for the Sheet 2 merchant name "郧西县林建商贸有限公司." The closest match, 郧西县林建装饰服务部, Unified Social Credit Code 92420322MAE0LJQX48, legal representative 陈世林, is a different organizational form

4

(个体工商户, sole proprietorship) and a different industry (装饰服务 / decoration services rather than 商贸 / trading), and is therefore a different entity. Baidu Maps independently confirms that the platform-disclosed floor is itself a shared-office cluster-registration park ("西加总部经济园," Xijia Headquarters Economic Park), and the five-digit "工位" (workstation) number is a virtual cluster-registration cell, not a serviceable physical location.

d. **Defendant 12 (finesty).** Searches returned no exact match. The only phonetic match, 武汉志昌行电子商务有限公司, Unified Social Credit Code 91420116MA4F329W96, legal representative 杨志, is 注销 (cancelled / deregistered), shares only a same-pinyin / different-character trade name with the Sheet 2 merchant name (志昌行 vs. 智畅行), and is registered to a different building block (A 区 G3 栋) than the Sheet 2 address (A 区 C3 栋). The Shenzhen "1603T39" sub-cell is a virtual letterbox subdivision that Baidu does not index and that returns no registered entity.

8. The investigation also included Baidu Maps (百度地图), Amap (高德地图), and Didi (滴滴) verification of each platform-disclosed address. I disclose to the Court a methodological limitation of this round of verification: the verbatim Amap (高德地图) findings recorded for each defendant are drawn from the China-based associate's contemporaneous verification spreadsheet, and any direct browser-side re-verification of Amap during this declaration-preparation round was inaccessible because of a browser-extension URL conflict at the Amap site. Baidu Maps, China's dominant mapping platform, was directly and independently accessible throughout, and the map-verification record stands on Baidu Maps alone where the Amap result was inaccessible for re-verification. Re-verification on Amap is available on request and can be

supplied as a supplemental exhibit if the Court requires cross-platform confirmation. The full map-verification record for the nine map-led defendants (Nos. 1, 2, 4, 5, 6, 8, 11, 16, and 19) is set out in the report dated June 23, 2026, attached as Exhibit C, and the corresponding screenshots are indexed in Exhibit D by file name.

9. The map-verification record shows, in summary, that for each of the twelve Tier 1 defendants the platform-disclosed address cannot be verified to a serviceable, defendant-connected location: for Defendant 1, Baidu, Amap, and Didi resolve Mengshan Avenue in Lanshan District, Linyi, but locate no "美多大厦" (Meiduo Building) on that street, only a similarly named "美多国际大厦" on an unrelated street, a named-building / wrong-street mismatch; for Defendant 2, the lane (马蹄岗二巷) resolves but house "No. 10" of that lane does not exist in the address index, and the same seller_id carries two further addresses in different provinces; for Defendant 4, the address is constructed entirely as a relative reference to a vocational school that the platforms confirm does not exist in the area; for Defendant 5, Baidu indexes the room down to numbered workstations and confirms that pleaded "Workstation 042" does not exist (only 158 and 044 do), the building is in a different district than pleaded, and the registry record itself appends the literal "(集群登记)" cluster-registration notation to that workstation address for a judgment-debtor shell; for Defendant 6, the landmark-relative location resolves to a different registered business (林州市科鑫机械配件有限公司), not to the defendant; for Defendant 8, the platforms confirm that the pleaded "Block N" of Zhengrong Fortune Center does not exist; for Defendant 11, the address resolves only to the village polygon ("100 meters east of Xihu Village"), with no house number to which service could be directed; for Defendant 16, Baidu indexes the mobile-phone market down to individual stall codes and confirms that pleaded "Stall 2K26" does not exist (only adjacent "Stall 2K31" does); and for

Defendant 19, the address names only a residential community ("和邦小区") with no building, unit, or room number, and the only registry match is a phonetic-homophone entity registered in a different province from the pleaded address.

10. **Defendant 3 (WangHu2025) — applicability of the Hague Convention.** For Defendant 3, the diligence produced what the diligence for the other twelve active PRC defendants did not: a registered Chinese-character entity name (太原富达科贸有限公司), an identifiable natural-person legal representative (王虎) whose pinyin corresponds to the platform identifier, and a registered address that the map record independently verifies. On these facts I do not represent that Defendant 3's address is unknown; rather, the Hague Service Convention applies to Defendant 3, and Plaintiff intends to effect service on Defendant 3 through the PRC Central Authority (the Ministry of Justice International Legal Cooperation Center) directed to the registered entity and its natural-person legal representative 王虎 at the registered address. I further disclose, however, on the basis of my personal knowledge of PRC Central-Authority practice described in paragraph 1, that even this comparatively clean request carries a material, identifiable risk of non-execution: the only identity link between the platform record and the registry is the Romanized personal handle "WangHu2025," not the registered 字号 ("富达") that the executing local intermediate people's court will expect to reconcile against the SAMR registry; the entity is a natural-person-controlled limited company (有限责任公司（自然人投资或控股）) whose service therefore turns on locating the natural person 王虎; and the registered unit is a single ground-floor shop ("商铺 201") within a large residential-commercial development, a setting in which personal service by the executing court frequently draws a non-service return. I predict, on that basis, that this Central-Authority request carries a substantial

likelihood of non-execution notwithstanding the verified address. Because of that disclosed risk, Plaintiff requests, in the alternative and as a backup to the Central Authority channel, leave to serve Defendant 3 by email under Federal Rule of Civil Procedure 4(f)(3) should the Central Authority request fail to produce executed service within a reasonable time set by the Court.

11. **The remaining twelve active PRC defendants (Nos. 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 16, and 19) — declined Hague submission.** For these twelve defendants, the investigation confirms that no defendant produces the prerequisite combination — a registered Chinese-character legal name and a verifiable registered address connected to that defendant — on the platform record. Each platform identifier fails the four-element SAMR structure described in paragraph 5, and for each the platform-disclosed address either does not resolve below the building, village, or community level, resolves to a unit or stall that independent map data confirms does not exist, resolves to a different registered occupant, or resolves only to a virtual cluster-registration cell or letterbox shown to be unconnected to the defendant. Based on my personal knowledge of PRC registry conventions and local-court execution practice described in paragraph 1, submitting a Hague Service Convention Request as to any of these twelve defendants under these conditions would be facially deficient and would not produce service capable of execution by the local intermediate people's court at the platform-disclosed jurisdiction. Plaintiff has therefore declined to submit such a Request as to these twelve defendants, and respectfully identifies the structural defect and the address-verification failures to the Court in the contemporaneously filed Supplemental Memorandum as the bases for Article 1 inapplicability of the Convention and for service by email under Rule 4(f)(3).

12. Exhibits A through D are true and correct copies of the documents and records they purport to be, prepared in the course of the investigation I directed and supervised.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 13, 2026.

*/s/ Yanling Jiang*
Yanling Jiang
*Counsel for Plaintiff*