**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THEODOROS ZIRINIS,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.

Case No. 1:25-cv-13922

Judge Robert W. Gettleman

Magistrate Judge Albert Berry, III

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL
MEMORANDUM IN EXCESS OF THE FIVE-PAGE LIMIT**

Plaintiff Theodoros Zirinis respectfully moves the Court, pursuant to its inherent authority to manage its docket, for leave to file his Supplemental Memorandum on Address Diligence, submitted in response to the Court's Order [30], in excess of the five-page limit that Order sets, up to a total of eight pages. In support, Plaintiff states:

1. The Court's Order [30] directs Plaintiff to file a supplemental memorandum, not to exceed five pages, addressing (1) whether the addresses of the defendants are known and (2), for those not known, the efforts Plaintiff undertook to discover them.

2. Those questions must be answered defendant by defendant, and the defendants on the operative Schedule A fall into three groups that are situated differently and require separate analysis. Twelve PRC defendants (Nos. 1, 2, 4–9, 11, 12, 16, and 19) have addresses that cannot be verified after diligent investigation, so the Hague Service Convention is inapplicable under Article 1 and service proceeds by electronic means under Federal Rule of Civil Procedure 4(f)(3). One PRC defendant (No. 3) has a known, verified address, so the Convention applies and Plaintiff will serve through the PRC Central Authority. And two defendants (Nos. 17 and 18)

reside in Vietnam, whose Hague declaration, unlike China's, permits Article 10(a) service, requiring an analysis distinct from the China-specific holding of *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, 177 F.4th 793 (7th Cir. 2026).

3. Each group also carries different consequences for any eventual default judgment under Article 15 of the Convention. *See Bestway Inflatables & Material Corp. v. Individuals*, No. 24 C 11696, 2025 WL 1696438 (N.D. Ill. June 17, 2025) (Gettleman, J.). Addressing three distinct groups of defendants, and the Article 15 consequences for each, cannot be done within five pages without omitting the defendant-specific analysis the Court's Order requires.

4. Plaintiff has confined the memorandum's argument to what the Order requires and has placed the per-defendant investigative detail in the accompanying Declaration of Yanling Jiang and Exhibits A through D, which do not count against the memorandum's page limit. Even so, addressing each group and complying with the Order requires eight pages.

5. No defendant has appeared, and Plaintiff therefore has been unable to confer regarding this motion.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file his Supplemental Memorandum on Address Diligence not to exceed eight pages.

DATED: July 13, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**